```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

Jorge Luis Orozco,
    Petitioner

    v.                                    Case No. 23-cv-102-SM
                                              Opinion No. 2023 DNH 062

Warden, FCI Berlin,
    Respondent

## O R D E R

Jorge Luis Orozco is a federal prisoner currently being held at the Federal Correctional Institution in Berlin, New Hampshire. He petitions the court pursuant to 28 U.S.C. § 2241, saying the Bureau of Prisons ("BOP") has improperly classified him as "ineligible" to apply time credits he has earned under the First Step Act and, therefore, incorrectly calculated his projected release date. He seeks an order directing the BOP to properly account for those time credits and to amend his projected release date by one year.

When Orozco filed his petition, his claims had merit. But, shortly thereafter, the BOP properly credited him with earned FSA time credits and advanced his "projected release date" by one year (the maximum permitted). Accordingly, Orozco has

received all of the relief he sought and his petition is now moot.

## Discussion

There are two ways by which inmates serving federally-imposed sentences may reduce the amount of time they must serve in prison. Those serving a term of imprisonment greater than one year may earn "good time" credits for "exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1). Inmates may also earn "time credits" under the First Step Act for the successful completion of "evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). This case involves the latter.

Orozco is currently serving a 135-month term of imprisonment, to be followed by a five-year term of supervised release. He is the subject of an Immigration and Customs Enforcement ("ICE") detainer that was lodged against him in November of 2019. With the benefit of good time credits, his anticipated "Final Statutory Release Date" is February 19, 2027. See Sentence Monitoring Computation Data (document no. 5-3) at 1. None of that is in dispute.

In addition to good time credits, Orozco has also earned a substantial number of FSA time credits, 365 of which may be applied toward his early transfer to supervised release. See FSA Time Credit Assessment as of March 25, 2023 (document no. 5-4) at 1. See also 18 U.S.C.A. § 3624(g)(3) (providing that the BOP may apply no more than 12 months of earned FSA time credits to advance an inmate's date of transfer to supervised release). So, factoring in both his good time credits and his FSA time credits, Orozco's "Projected Release Date" should be February 19, 2026 - that is, 365 days earlier than his "Final Statutory Release Date." But, says Orozco, the BOP is refusing to apply those FSA time credits and, therefore, his projected release is off by one year.

Orozco was, for a time, correct. But, on February 6, 2023, the BOP amended its procedures for implementing the First Step Act. Among other things, it removed language from the prior policy that prohibited prisoners subject to ICE detainers from applying FSA time credits toward an early release to prerelease custody or supervised release. See U.S. Dept. of Justice, Bureau of Prisons, Program Statement 5410.10 CN-1 at 2 (Feb. 6, 2023).[1] Consequently, inmates like Orozco who are subject to ICE

---

[1]   Available at: https://www.bop.gov/PublicInfo/execute/policysearch?todo=query&series=5000).

3

detainers (but not final orders of removal) are now permitted to apply earned FSA time credits toward prerelease custody or supervised release.  See generally 18 U.S.C. § 3632(d)(4)(E)(i).

Following that change in policy, the BOP recalculated Orozco's Sentence Monitoring Computation Data.  The BOP's records now accurately show that he is eligible both to earn and to apply earned FSA time credits toward early release.  See FSA Time Credit Assessment dated March 25, 2023, at 1.  Additionally, the BOP has applied the maximum number of FSA time credits (365) to calculate his "Projected Release Date" of February 19, 2026 (rather than February 19, 2027).  See Sentence Monitoring Computation Data at 1.

## Conclusion

For the foregoing reasons, it is plain that Orozco has received all the relief sought in his petition and there is no longer any case or controversy.  His petition seeking habeas corpus relief (**document no. 1**) is, therefore, dismissed as moot.  The government's motion to dismiss (**document no. 5**) is granted.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 15, 2023

cc:  Jorge Luis Orozco, pro se
     Terry L. Ollila, Esq.